UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MIRVETA BEKTESEVIC,

    Plaintiff,

v.

ALBERT PARIENTE-COHEN,

    Defendant.

Civil Action No. 21-607 (MAS) (TJB)

MEMORANDUM ORDER

This matter comes before the Court upon Defendant Albert Pariente-Cohen's ("Defendant") Motion to Dismiss Plaintiff Mirveta Bektesevic's ("Plaintiff") Claim for Counsel Fees. (ECF No. 4.) Plaintiff opposed (ECF No. 6), and Defendant replied (ECF No. 7). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

In support of his Motion, Defendant argues that "[b]ecause New Jersey follows the 'American Rule' and does not permit the recovery of attorneys' fees, [P]laintiff's claim for counsel fees should be dismissed with prejudice." (Def.'s Mot. ¶ 9, ECF No. 4.) The Court finds Defendant's Motion premature.[1]

"[S]tate rules concerning the award of attorneys' fees are to be applied in diversity cases whether these rules provide for an award or deny it, provided such rules do not run counter to federal statutes or policy considerations." *Montgomery Ward & Co. v. Pac. Indem. Co.*, 557 F.2d 51, 56 (3d Cir. 1977) (citation omitted). Here, Defendant correctly indicates that New Jersey

---

[1] The Court also notes that neither Defendant nor Plaintiff filed a legal brief that complied with Local Civil Rules 7.1 and 7.2. The parties should familiarize themselves with the District Court of New Jersey's Local Civil Rules, which can be located at https://www.njd.uscourts.gov/local-rules-and-appendices.

adheres to the American Rule, which prohibits fee shifting except in special circumstances. *In re Vayda*, 875 A.2d 925, 928 (N.J. 2005). New Jersey does, however, allow a prevailing party to be awarded reasonable attorney fees "if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the non-prevailing person was frivolous." N.J. Stat. Ann. § 2A:15-59.1(a)(1). The Court may also determine that a state court would apply an exception to the American Rule "because failure to remedy . . . obdurate conduct or bad faith would undermine a major area of state policy or substantive law." *Montgomery Ward & Co.*, 557 F.2d at 58. Because the Court cannot yet assess the merit of the claims or the conduct of the parties, the Court finds Defendant's Motion premature. The Court therefore finds good cause to deny Defendant's Motion without prejudice. Defendant may file a renewed Motion at a later stage of the proceedings.

Based on the foregoing, and for other good cause shown,

**IT IS** on this 23rd day of August, 2021 **ORDERED** that:

1. Defendant's Motion (ECF No. 4) is **DENIED**.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE